UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.:

| | |
|---|---|
| JESUS O. RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| C3 GARDENS, LLC, and JACK E. | ) |
| BARNWELL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

Plaintiff JESUS O. RODRIGUEZ ("Plaintiff") sues defendants C3 GARDENS LLC and

JACK E. BARNWELL (collectively, "Defendants") and alleges:

1.      This is an action to recover money damages for unpaid overtime wages under the

laws of the United States and for wrongful, retaliatory discharge of an employee in violation of

Section 440.205 of the Florida Statutes.

2.      The Court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor

Standards Act (the "FLSA").

3.      This is an action for damages that exceed $30,000.00 exclusive of interest,

attorneys' fees, and costs.

4.      Defendant C3 GARDENS LLC (the "Corporate Defendant") is a Florida limited

liability company, duly authorized and existing under the laws of the State of Florida and

conducting business in Collier County, Florida.

5.      Defendant Jack E. Barnwell (the "Individual Defendant") is a resident of Collier

County, Florida.

6.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Collier County, Florida.

7.      All conditions precedent to bringing this action have occurred, been performed, or excused.

8.      Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**GENERAL ALLEGATIONS**

9.      Defendants hired Plaintiff on or about November 7, 2019.

10.     At all times relevant, Plaintiff was employed by Defendants as a landscape installer.

11.     While working for Defendants, Plaintiff worked approximately 55 hours per week.

12.     During Plaintiff's employment with Defendants, Plaintiff's supervisors, Jack E. Barnwell and Rachel ULN, ensured that Plaintiff worked overtime by reaching out to him regarding work issues at all hours of the day and doing additional prep and close-out tasks after and/or before clocking in/out.

13.     During Plaintiff's employment with Defendants, Plaintiff was paid approximately $19.21 per hour, or $1,057 a week. However, from March of 2020, through his wrongful termination, Defendants failed to pay Plaintiff overtime.

14.     On or about July 7, 2020, Plaintiff suffered injury to his back and shoulder while moving a dolly containing a planter weighing over three-hundred pounds.

15.     The work-related injury happened while Plaintiff was working for Defendants.

16.     The work-related injury required medical treatment.

17.    Plaintiff immediately reported the work-related injury and requested medical attention from Defendants.

18.    Defendants offered to provide Plaintiff with private medical treatment and pay for the treatment. Believing that forgoing worker's compensation benefits for private care was the only way Plaintiff could remain employed, Plaintiff accepted.

19.    For the following months until February 2021, Plaintiff received treatment from a chiropractor at Defendants' expense. However, in January 2021, Defendants asked that Plaintiff stop attending appointments so often until they eventually stopped paying for the treatment.

20.    In or about March of 2021, Plaintiff again sustained another injury similar to his July 7, 2020, injury, while assembling and installing large shrub planters weighing over three-hundred pounds.

21.    The work-related injury happened while Plaintiff was working for Defendants.

22.    The work-related injury required medical treatment.

23.    Plaintiff immediately reported the work-related injury and requested medical attention from Defendants.

24.    In or about June 2021, the workers compensation insurance doctor attending Plaintiff's injury informed the Plaintiff that he could return to work on "light duty" and with restrictions.

25.    Although Defendants were aware of Plaintiff's light duty status, Defendants ignored the doctor's recommendations and repeatedly violated Plaintiff's medical restrictions.

26.    Defendants demanded that Plaintiff perform his work duties normally. This caused Plaintiff extreme back pain.

27.     Plaintiff complained to Defendants about the pain he was experiencing due to their demands that he perform his regular job duties, as opposed to light duty. Defendants ignored Plaintiff and continued to insist that he perform his regular job duties.

28.     In or about June 2021, Plaintiff was experiencing such extreme back and shoulder pain that the discomfort was interfering with his breathing, and he was forced to go to the hospital.

29.     During or around September 2021, Plaintiff hired workers' compensation lawyers to help him with his work-related claim under applicable Florida worker's compensation law.

30.     On or about September 16, 2021, Defendant wrongfully terminated Plaintiff's employment.

31.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sough or attempted to seek compensation under the Worker's Compensation Law, as Plaintiff was entitled to.

32.     At all times relevant, Plaintiff was a non-exempt employee under the FLSA.

33.     Plaintiff's requests for medical treatment, the continued use of medical treatment offered by Defendant's worker's compensation insurer, and the hiring of a worker's compensation lawyer, all constitute protected activities under Fla. Stat. Sec. 440.205.

## COUNT I: 440.205 RETALIATION AGAINST THE CORPORATE DEFENDANT

34.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

35.     At all times relevant, Plaintiff was employed by the Corporate Defendant as a landscape installer.

SAENZ & ANDERSON, PLLC

36.     Plaintiff suffered a work-related injury while was working for the Corporate Defendant, during or around March of 2021 ("March 2021 Injury").

37.     The March 2021 Injury required medical treatment.

38.     Plaintiff immediately reported the work-related injury and requested medical attention from Defendants.

39.     During June of 2021, Plaintiff was released by the treating physician to return to work on "light duty" and with restrictions.

40.     However, Defendants denied Plaintiff's light duty status and restrictions, and insisted that he work his regular duties.

41.     For several months, Plaintiff complained to Defendants, informed them of the pain he was subjected to due to Defendants' insistence that Plaintiff work his regular duties, and requested to work light duty. In response, Defendants continued to ignore Plaintiff and to demand that he work his regular job duties.

42.     During or around September 2021, Plaintiff hired workers' compensation lawyers to help him with his work-related claim under applicable Florida worker's compensation law.

43.     Then, on or about September 16, 2020, the Corporate Defendant wrongfully terminated Plaintiff's employment.

44.     The motivating factor, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

45.     The Corporate Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

46.     By reason of the Corporate Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

47.     The Corporate Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Corporate Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT II: WAGE AND HOUR VIOLATION BY
## THE CORPORATE DEFENDANT (UNPAID OVERTIME)

48.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

49.     This action is brought by Plaintiff to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, the Corporate Defendant

operated as an organization which sells and/or markets their services and/or goods to customers from throughout the United States and from outside of the United States, and also provides their services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees and customers. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

51.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise or enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies. The Corporate Defendant, through its business activities, affects interstate commerce. Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a landscape installer for the Corporate Defendant's business.

52.     While employed by the Corporate Defendant, Plaintiff worked approximately 55 hours per week without being compensated at a rate of not less than one- and one-half times the regular rate at which he was employed.

53.     The Corporate Defendant paid Plaintiff approximately $19.21 per hour.

54.     However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week from approximately between March of 2020 and September 16, 2021. In total, Plaintiff worked approximately 78 compensable weeks under the FLSA, or 78 compensable weeks if counted 3 years back from the date of the filing of the instant action.

55.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.

56.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

    **a.  Actual Damages: $**

        i.     <u>Calculation</u>: $19.21 (hourly pay) x $9.61 (overtime rate) x 15 (approximate number of overtime hours) x 78 (compensable weeks) = $11,237.85

    **b.  Liquidated Damages:** $11,237.85

    **c.  Total Damages: $22,475.70** plus reasonable attorneys' fees and costs of suit.

57.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Corporate Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

58.     The Corporate Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set

forth above, and Plaintiff is entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

59.     The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

60.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just, and/or available pursuant to Federal Law.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable as of right.

SAENZ & ANDERSON, PLLC

9

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                      Facsimile: 888.270.5549

## COUNT III: WAGE AND HOUR VIOLATION BY
## THE INDIVIDUAL DEFENDANT (UNPAID OVERTIME)

61.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 and 48-60 above as if set out in full herein.

62.     At the times mentioned, the Individual Defendant was, and is now, an officer and/or owner of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

63.     Individual Defendant personally supervised Plaintiff's work, closely managed Plaintiff's work and schedule, terminated Plaintiff, and was primarily responsible for deciding if Plaintiff was paid or not. On one occasion, Individual Defendant took Plaintiff to work in Michigan for one of the Individual Defendant's companies. Individual Defendant arranged it so that Plaintiff was paid by the Corporate Defendant for work Plaintiff performed for the Individual Defendant in Michigan.

64.     The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the FLSA.

65.     The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

66.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Individual Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just, and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 2, 2021.

SAENZ & ANDERSON, PLLC

11

20900 NE 30ᵗʰ Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

Respectfully submitted,

By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
E-Mail: tblye@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 640166
E-Mail: msaenz@saenzandeson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779
E-Mail: asmukler@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*