UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.: 2:21-cv-00813-JLB-MRM

JESUS O. RODRIGUEZ,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )
                                       )
C3 GARDENS, LLC and JACK E.            )
BARNWELL,                              )
                                       )
            Defendants.                )
_____)

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE WITH
INCORPORATED MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff, JESUS O. RODRIGUEZ ("Plaintiff"), and Defendants, C3

GARDENS, LLC and JACK E. BARNWELL (the "Defendants") (collectively "the

Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350,

1353, (11th Cir. 1982) and Rule 41 of the Federal Rules of Civil Procedure, hereby

jointly request this Court make a fairness finding approving the terms of the

Parties' settlement of the above-captioned matter and dismissing this case with

prejudice. A true copy of the Parties' fully executed settlement agreement is

attached hereto as **Exhibit "A."**

## I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two

ways in which claims under FLSA can be settled and released by employees. First,

29 USC 216(c) of the FLSA allows employees to settle and waive their claims under

the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11ᵗʰ Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, in *Lynn's Food Stores,* 679 F.2d at 1354, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

The settlement of this action provides for the Court to approve the settlement to resolve and release Plaintiff's FLSA claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff against Defendants whom Plaintiff alleges employed him as a non-exempt employee, but in which the

Defendants deny and assert that he was an exempt employee, creating an adversarial issue of Plaintiff's entitlement to any recovery. The Agreement includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding whether Plaintiff was an exempt employee, Plaintiff's claimed unpaid wages, Plaintiff's alleged wrongful termination, and damages potentially available to Plaintiff. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties discussed (extensively) the Plaintiff's alleged status as an employee, Plaintiff's alleged unpaid wages, Plaintiff's pay rate, the applicability of Defendants' defenses, and the calculation of damages. Defendants vehemently asserted that Plaintiff was an exempt employee, denied all liability, and arduously litigated this matter. Based on these discussions, the Parties formulated their own proposed trial strategy, and settlement figures.

The Parties then attended mediation and voluntarily agreed to the terms of their settlement at the conclusion of their negotiations and jointly prepared the Agreement.

## II. <u>Terms of Settlement</u>

This case involved a claim for unpaid wages and wrongful termination. The Plaintiff claimed he worked as an employee of the Defendants and that during the time he was employed he was not properly paid for all hours worked. Namely, Plaintiff claimed that he worked approximately 55-60 hours per week for

Defendants, was paid approximately $19.21 per hour, or $1,057 per week, and was not paid overtime from March of 2020, through September 16, 2021. In total, Plaintiff claims that he worked approximately 4,290-4,680 hours for the Defendants and was not paid $11,237.85 in overtime wages. Plaintiff also claimed he was wrongfully terminated by Defendants. The Defendants adamantly contend that, among other things, Plaintiff was an exempt employee.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial.

In his Complaint, Plaintiff alleged that he was owed $11,237.85 in unpaid wages, plus liquidated damages, and reasonable attorney's fees and costs. Plaintiff further sought lost wages and compensatory mental damages relating to his claim of wrongful termination. Defendants vehemently emphasized that Plaintiff was an exempt employee and argued that Plaintiff was owed nothing from them. The Parties then agreed to settle Plaintiff's claims for $30,000, which does not represent the full amount Plaintiff sought in this action. However, given the amount claimed, and the possibility of the Plaintiff recovering nothing, the Parties agree that a global lump sum payment to Plaintiff in accordance with their Settlement Agreement is a fair compromise. As a result, the settlement agreed upon in this matter is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $10,000.00 as payment to Plaintiff to settle the non-FLSA causes of action brought in the operative complaint and the general release portion of the Settlement Agreement;

b. $5,000.00 as payment to Plaintiff for alleged unpaid wages under the FLSA;

c. $5,000.00 as payment to Plaintiff for liquidated damages under the FLSA; and

d. $10,000.00 payable to Plaintiff's counsel as attorney's fees ($9,448.00) and costs ($552.00).

The attorney's fees and costs concerning the above-styled action have been negotiated separately and without regard to the amounts paid to Plaintiff. Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. A copy of Saenz & Anderson, PLLC's declaration and billing records in support of this motion are attached as **Exhibit "B."**

The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during mediation and all Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

**III**. <u>**Conclusion**</u>

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice as to the mentioned Defendants only. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C."** There are no other agreements between or among the parties that relate to this settlement, relate in any way to this action, or purport to resolve or release any matter between or among the parties. The non-cash concessions regarding a mutual release, mutual non-disparagement, no re-apply provision, and neutral reference provision are fair and reasonable because they are reciprocal, benefit all parties, and were considered when settling this matter.

Respectfully submitted,

| | |
|---|---|
| <u>**/s/Aron Smukler**</u><br>Aron Smukler, Esq. (FBN: 0297779)<br>E-mail:<br>asmukler@saenzanderson.com<br>R. Martin Saenz, Esq. (FBN: 0738158)<br>E-mail:msaenz@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>*Counsel for Plaintiff(s)* | <u>**/s/Amy L. Garrard**</u><br>Amy L. Garrard, Esq.<br>Florida Bar No.: 0908711<br>E-Mail:<br>agarrard@agemploymentlaw.com<br>AG EMPLOYMENT, PLLC<br>1000 Tamiami Trail N., Suite 301<br>Naples, FL 34102<br>Telephone: (239) 241-7730<br>Facsimile: (239) 331-4386<br>*Attorney for Defendants* |

# EXHIBIT "A"

**SETTLEMENT AGREEMENT AND**
**FULL AND FINAL RELEASE OF CLAIMS**

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into between JESUS O. RODRIGUEZ (hereinafter referred to as "Employee" a term which includes his successors, beneficiaries, personal representatives, and heirs) and C3 GARDENS, LLC and JACK E. BARNWELL (hereinafter referred to as the "Defendants," which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, agents, legal representatives, insurers and heirs of each party). Employee and the Defendants are hereinafter referred to collectively as the "Parties".

**WHEREAS**, this Agreement is intended by the Parties to be a full and final resolution, compromise, and settlement of any and all legal and/or equitable issues, disputes, actions or causes of action, between them arising directly or indirectly from the matters set forth in the case captioned <u>Rodriguez v. C3 Gardens, LLC, et al.</u>, Case No. 2:21-cv-00813-JLB-MRM, currently pending in the United States District Court for the Middle District of Florida, Fort Myers Division (the "Litigation") from the beginning of time until the date of the execution of this Agreement; and

**WHEREAS**, it is the mutual desire of the Parties to fully and finally resolve any and all disputes between them with regard to the Litigation;

**NOW, THEREFORE**, in consideration of the above-stated premises, the mutual covenants and promises contained herein, and other valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. <u>Dismissal</u>.  The Parties agree that Employee shall file a Joint Stipulation of Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) within five (5) calendar days after the receipt of the settlement check(s) described in Paragraph 4 below, to the extent that the Court does not dismiss the action with prejudice upon approval of this Agreement.  The Parties further agree that they will submit a Joint Motion seeking approval of this Settlement Agreement, and that they characterize the settlement as one that affords Employee appropriate relief, as required by the FLSA, given the facts and circumstances of this matter.

2. <u>Disputed Claim</u>.  The Parties expressly agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by any party of any violation of any federal, state, or local statue or regulation, or any violation of any of a party's rights or of any duty owed by one party to the other.

3. <u>Settlement Payment</u>.  For and in consideration of the promises made in this Agreement, the Defendants agree to pay the total consideration of Thirty Thousand Dollars and 00/100ths ($30,000.00), which includes reimbursement

of the Employee's attorneys' fees and costs. The total sum of $30,000.00 will be paid as follows: (1) the Defendants shall pay to Employee a total of Ten Thousand Dollars and 00/100ths ($10,000.00) payable as follows: one check in the amount of Five Thousand Dollars and 00/100ths ($5,000.00) to compensate for any alleged unpaid wages and back pay, less any and all withholdings and applicable deductions; and one check in the amount of Five Thousand Dollars and 00/100ths ($5,000.00), to compensate for any alleged liquidated damages; (2) the Defendants shall also pay to Employee the total amount of Ten Thousand Dollars and 00/100ths ($10,000.00) to compensate for damages resulting from his workers' retaliation claim; and (3) the Defendants shall also pay a total of Ten Thousand Dollars and 00/100ths ($10,000.00) to Saenz & Anderson, PLLC representing payment of Employee's attorneys' fees and costs. Following the payments as aforementioned, the Defendants shall have no further responsibility, nor shall it be liable to any person regarding the payment or division of such sum. The Defendants are under no duty or obligation to make the aforesaid payment to Employee or his attorneys, and it is doing so solely as consideration for the Employee entering into this Agreement.

4.  The checks described in Paragraph 3, above, shall be delivered to counsel for the Employee, Saenz & Anderson, PLLC, 20900 NE 30th Ave., Suite 800, Aventura, FL, within twenty (20) calendar days following the approval of this Agreement by the court.

5.  The Defendants shall issue a W-2 to Employee in the amount of Five Thousand Dollars ($5,000.00) representing payment for unpaid wages and back pay, and will also issue a 1099 in the amount of Fifteen Thousand Dollars ($15,000.00) representing payment for liquidated damages and compensatory damages as "other income." The Defendants shall also issue a 1099 to Saenz & Anderson, PLLC in the amount of Ten Thousand ($10,000.00) representing attorneys' fees and costs.

    In the event that an assessment for back employment taxes, penalties or interest on any payments made to Employee, Employee agrees to pay any such assessment to the extent that the assessment is the result of Employee's failure to make appropriate tax payments, including any and all penalties and interest assessed against him, and to hold the Defendants harmless from any and all claims, damages, expenses, attorneys' fees, causes of action or suits at law or equity as a result of Employee's non-payment of taxes on any amounts paid to him under the terms of this Agreement.

6.  Subject to the terms of this Agreement, and in consideration of the payments and mutual promises set forth herein and other valuable consideration, the Parties agree that, on behalf of themselves and their successors, beneficiaries, personal representatives, and heirs, hereby fully RELEASES and FOREVER DISCHARGES each other and their officers, directors, employees, agents,

parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, agents, servants, legal representatives, and insurers, from any and all rights, remedies, claims, actions, promises, causes of action, suits, attorney's fees, and/or demands, of any kind or description, accrued or contingent, liquidated or un-liquidated, known or unknown, foreseen or unforeseen, in law or in equity, which the Parties may have or may have for or on behalf of themselves or their successors, beneficiaries, personal representatives and heirs against each other, or their officers, directors, employees, agents, parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, servants, legal representatives, and insurers, arising out of, relating to, connected with, and/or reflected in the Litigation, and/or the claims asserted with respect to the Litigation and/or any conduct or events arising or relating directly or indirectly from or to the same, including specifically but not limited to, any claims that Employee was not properly compensated for work performed, or that his time was not accurately recorded, or that he was terminated in retaliation for filing workers' compensation claim(s), or that Employee failed repay any loans made by Defendants (collectively, the "Released Subject Matter"), from the beginning of time until the date of this Agreement, or which Employee may now or hereafter have against the Defendants (including the related persons and entities set forth above), or any of them, by reason of any matter, act, omission, cause, or event, whichever has occurred or which has been done, relating to, arising under, connected with, or reflected in the Released Subject Matter, up to the date of this Agreement; provided, however, this release shall not apply to any breach of this Agreement.

7.    Employee acknowledges that all provisions of the Older Workers Benefits Protection Act have been complied with, including that this Agreement has been explained to him.  Employee acknowledges that he has been advised in writing to consult with an attorney regarding whether he wishes to execute the Agreement, and that he has been given a period of twenty-one (21) days within which to consider this Agreement.  Employee understands that he may revoke this Agreement within seven (7) days from the date on which he signs it by providing written notice of such revocation to the Defendants within such seven (7) day revocation period.  The Agreement shall not be effective for seven (7) days after the date on which Employee signs it, but unless so revoked by the Employee shall automatically become effective.

8.    The Defendants further agree to pay the entire cost of the mediation in this matter that would be due to mediator Robyn S. Hankins, Esq. for the mediation that was conducted on April 15, 2022.

9.    This settlement agreement and release does not have any effect on Jesus Rodriguez' entitlement to workers compensation benefits, for any and all accidents between Jesus Rodriguez and employer C3 Gardens, LLC, including but not limited to dates of accident July 7, 2020 (Case # 21-

021261JAW) and March 8, 2021 (Case # 21-029848JFC).  It does, however, completely and fully release and all claims of workers' compensation retaliation pursuant to Fla. Stat. § 440.205, which have accrued through the date of this Agreement.

10.    In the event that a prospective employer requests an employment reference for the Employee, the Defendants shall only provide a neutral reference for Employee, limited to setting forth the Employee's title, rate of pay, and dates of employment.

11.    The Employee further agrees that he will not reapply for employment with the Defendants in the future.

12.    In the event that the Defendants or Employee commences an action for damages, injunctive relief, or to enforce the provision(s) of this Agreement, the prevailing party in any such action shall be entitled to an award of its/their reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

13.    This Agreement supersedes all prior agreements and understandings between Employee and the Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Employee and an authorized representative of the Defendants.

14.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid party, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties. In the event of a dispute as to the interpretation, enforcement, application, or violation of this Agreement, it is understood and agreed that this Agreement is contingent on the instant Court retaining jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court shall retain the right to award attorney's fees as set forth in this Agreement in in any litigation arising out of this Agreement.

15. The Parties hereby acknowledge, declare, represent, warrant and agree that:

    a. No promise, inducement, understanding or agreement not herein expressed has been made to, by or with the Parties hereto, and this Agreement contains the entire agreement between the Parties;

    b. This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which together shall constituted one and the same instrument and as if fully executed in Orange County, Florida;

    c. A copy of this Agreement shall have the same force and effect as an original signed document;

    d. The terms and provisions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective past and present agents, employees, heirs, successors, executors, administrators, representatives and/or partners and their respective predecessors, successors and/or assigns.

16. The Parties to this Agreement acknowledge that they have read the foregoing, that they have discussed it with their counsel, and that they understand it fully and completely. The Parties further acknowledge that they are executing this Agreement voluntarily and freely for the purposes intended. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

17. This Agreement shall be construed in accordance with the laws of the State of Florida.

18. The Employee and Jack Barnwell agree that they will not talk about, or otherwise communicate to any third parties, any disparaging or defamatory matter with respect to any matter stemming from Employee's employment with Defendants, the termination of his employment, the quality or nature of the services provided by Employee to their clients, or any other issue arising between them, including any disparaging comments regarding the principals, family members, subsidiaries, affiliates, directors, officers, shareholders, board members or other agents of either Employee or Jack Barnwell.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the day and year set forth below.

**BY EMPLOYEE:**

**JESUS O. RODRIGUEZ:**

Signature: Jesus Octavio Rodriguez (Apr 20, 2023 08:59 EDT)

Printed Name: Jesus Octavio Rodriguez

Date: Apr 20, 2022

**BY THE DEFENDANTS:**

**C3 GARDENS, LLC:**

Signature: _Jack Barnwell_

Printed Name: JACK BARNWELL  -C3 GARDENS

Its: MANAGING PARTNER

Date: 4/23/22

**JACK E. BARNWELL:**

Signature: _Jack Barnwell_

Printed Name: JACK BARNWELL

Date: 4/23/22

# EXHIBIT "B"

JESUS O. RODRIGUEZ,        )
                                )
         Plaintiff,       )
                                )
v.                               )
                                )
C3 GARDENS, LLC and JACK E.   )
BARNWELL,                  )
                                )
         Defendants.     )
_____)

**DECLARATION OF RUBEN MARTIN SAENZ AS TO
ATTORNEY'S FEES AND COSTS IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

1.     My name is Ruben Martin Saenz. I am the attorney of record for Plaintiff, JESUS O. RODRIGUEZ ("Plaintiff").

2.     I am over the age of eighteen (18) years and fully competent to testify as to the matters set forth in this declaration.

3.     This declaration is based on my personal knowledge of attorney's fees and costs to be charged and collected, and upon my review of the books and records of Saenz & Anderson, PLLC, made in the ordinary course of business and held under my supervision and control.

4.     I am an owner of Saenz & Anderson, PLLC and have been a licensed and practicing attorney since May 2003. I practice primarily in Miami-Dade and Broward counties in the area of employment law, including wage and hour law.

Throughout the years, I have successfully litigated, I believe, over one thousand cases on behalf of employees fighting injustice at the workplace.

5.      I graduated from Syracuse University, College of Law in 2002. I have been a member of the Florida Bar since May of 2003. I am also a member of the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, and the United States Court of Appeals for the 11th Circuit.

6.      Since 2003, the primary focus of my practice has been employment law.

7.      Throughout my career, my practice has been in both state and federal courts.  I have consulted, litigated, and tried multiple cases involving employees' rights under the FLSA, Title VII, the Florida Civil Rights Act of 1992, Florida Whistleblower's Act, the Florida Worker's Compensation Act, the Family and Medical Leave Act of 1993 and other employee-related laws.

8.      I have been selected as a *Florida Rising Star* by the *Super Lawyers Magazine* in 2012, 2013 and 2014.  I have also tried and won what I believe is the largest verdict in a religious discrimination case in Florida.

9.      I have authored articles, chapters, and the book written in Spanish titled "*My Rights as an Employee in the U.S., Part 1: The Basic Rights (2010).*" Along with my law partner, Ilona Anderson, I have also coauthored the book titled "How to File for Employment Discrimination with the Equal Employment Opportunity Commission (the EEOC)."

10.    My reputation and proven abilities have allowed me to maintain my practice through referrals from attorneys and from former and current satisfied clients.

11.    I have prepared (or collaborated in the preparation) and fully reviewed the motion for approval of settlement agreement in the instant action and I attest that the motion is well-grounded in fact and law.

12.    The attached billing and expense records specifically indicate the activity performed by my law partner, Ilona Anderson, my firm associate(s), our support team, and by the undersigned in prosecuting the above-styled action.

13.    Ms. Anderson and my firm's legal team are highly experienced in litigating employment matters, including cases under the FLSA.

14.    I am of the opinion that the number of hours spent was reasonable and necessary in light of the nature of this litigation and all of the circumstances surrounding it.

15.    My firm routinely bills all its FLSA cases for plaintiffs at the rate of $400.00 per hour for the professional services that are rendered. My hourly rate of $400.00 per hour reflects my skill and experience in litigating employment cases and is reasonable considering the relevant legal marketplace. My firm's attorneys, who helped me litigate this case under my supervision, also bill at the rate of $400.00 per hour or $275.00 per hour. Their relevant experience is highlighted in my firm's website (https://www.saenzanderson.com/attorneys/). In specific, my associate Aron Smukler, Esq., who works under my supervision and

control, bills at a rate of $275.00 per hour. He has experience litigating employment cases as he has been working for my firm first as a paralegal since August of 2018 and then as an attorney at law since April 16, 2020. Mr. Smukler is knowledgeable in FLSA law and has attended numerous of my trials.

16. Based upon my experience, familiarity with rates charged by other lawyers, and fees awarded in similar litigation by federal district courts and state circuit courts in Florida, I believe that the rates (and that of those attorneys associated with my firm) of $400 and $275.00 per hour are reasonable.

17. I am of the opinion that the work performed was done efficiently and effectively and that the time spent on that work was reasonable and not excessive.

18. The undersigned is seeking compensation for attorneys' fees incurred on behalf of Plaintiff. However, I specifically agree to reduce my total billing invoice to the amount indicated in the settlement agreement and in the motion for approval of the FLSA settlement agreement because I believe such reduction was necessary to help my client reach a favorable settlement in his case.

19. In addition, my law firm has spent $552.00 on behalf of Plaintiff and the undersigned is seeking reimbursement in the amount of $552.00.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED IN IT ARE TRUE.

**/s/R. Martin Saenz**
R. MARTIN SAENZ, ESQ.

# EXHIBIT "1"

**Saenz & Anderson, PLLC**
20900 NE 30th Avenue
Ste 800
Aventura, Florida 33180
United States
305-503-5131



**Jesus O. Rodriguez**
15061 Caspian Tern Ct
Ft. Myers, FL 33917

| | |
|---|---|
| **Balance** | $11,800.75 |
| **Invoice #** | 00439 |
| **Invoice Date** | May 17, 2022 |
| **Payment Terms** | Due on Receipt |
| **Due Date** | May 17, 2022 |

---

## Rodriguez, Jesus O. v. C3 Gardens (AU)

## Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 10/05/2021 | UL | Open File | | $75.00 | 0.85 | $63.75 |
| 10/15/2021 | VF | Draft | complaint | $150.00 | 1.00 | $150.00 |
| 10/15/2021 | UL | Review | | $75.00 | 0.10 | $7.50 |
| 10/18/2021 | VF | Draft | complaint & calling client to get information | $150.00 | 1.35 | $202.50 |
| 10/19/2021 | VF | Draft and Confer | w client to add information to complaint | $150.00 | 2.30 | $345.00 |
| 10/19/2021 | VF | draft and send | complaint and send to client to review | $150.00 | 1.10 | $165.00 |
| 10/25/2021 | UL | complaint | | $75.00 | 0.10 | $7.50 |
| 10/25/2021 | UL | calling client | complaint | $75.00 | 0.15 | $11.25 |
| 10/25/2021 | UL | calling client | | $75.00 | 0.20 | $15.00 |
| 10/27/2021 | UL | calling client | complaint<br>upload client docs | $75.00 | 0.40 | $30.00 |
| 10/28/2021 | UL | calling client | complaint<br>schedule conf<br>add to calendar | $75.00 | 0.35 | $26.25 |
| 10/28/2021 | RS | Review | draft of complaint and finalize it for filing; conduct extensive research to determine potential co-defendant, which is company doing business out of state. | $400.00 | 0.90 | $360.00 |
| 10/29/2021 | UL | Review | case | $75.00 | 0.05 | $3.75 |
| 10/29/2021 | UL | email | credentials | $75.00 | 0.15 | $11.25 |
| 11/01/2021 | IDA | Review and Revise | complaint | $400.00 | 1.10 | $440.00 |
| 11/02/2021 | UL | upload docs | | $75.00 | 0.20 | $15.00 |
| 11/02/2021 | AGT | File Complaint, Summons, and Civil Cover Sheet | | $75.00 | 1.00 | $75.00 |
| 11/12/2021 | TAG | Documents | Uploaded documents and called client to confirm documents received | $75.00 | 0.45 | $33.75 |

| Date | Initials | Task | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 11/23/2021 | UL | Draft | letter<br>check docket<br>tasks | $75.00 | 0.25 | $18.75 |
| 11/29/2021 | UL | File | ROS<br>upload | $75.00 | 0.20 | $15.00 |
| 11/29/2021 | AGT | Service of Process on Defendant(s) | | $75.00 | 0.50 | $37.50 |
| 12/01/2021 | UL | Call with Client | client called about docs he sent and case update | $75.00 | 0.20 | $15.00 |
| 12/01/2021 | UL | Correspondence | finalize letter<br>do envelope<br>scan upload send | $75.00 | 0.10 | $7.50 |
| 12/13/2021 | AS | Review and Confer | review correspondence re motion for an extension of time, review deadlines, and confer with OC | $275.00 | 0.15 | $41.25 |
| 12/13/2021 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 12/13/2021 | AS | Receive and Review | ENDORSED ORDER granting [9] Defendants' Motion for Enlargement of Time to Respond to the Plaintiff's Complaint | $275.00 | 0.05 | $13.75 |
| 12/13/2021 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 12/13/2021 | LM | upload | Upload order and adding deadline | $75.00 | 0.05 | $3.75 |
| 12/13/2021 | LM | email | Calendar new deadline - and give available dates | $75.00 | 0.15 | $11.25 |
| 12/27/2021 | AGT | Calendar deadlines | FLSA FAST-TRACK SCHEDULING ORDER | $75.00 | 0.30 | $22.50 |
| 12/28/2021 | AS | Receive, Review, and Confer | receive and review the Court's FLSA FAST-TRACK SCHEDULING ORDER, review interrogatories to Plaintiff and document production, and confer with UL re ROGGS, documents, and mediation | $275.00 | 0.40 | $110.00 |
| 01/03/2022 | UL | Review | uploads<br>deadlines<br>coordinate mediation | $75.00 | 0.75 | $56.25 |
| 01/03/2022 | UL | Discovery requests | upload<br>draft letter<br>send | $75.00 | 0.25 | $18.75 |
| 01/03/2022 | LM | Call | Call for Tanesha - | $75.00 | 0.10 | $7.50 |
| 01/03/2022 | TB | Receive and Respond | To correspondence from OC regarding Response to Complaint and possible resolution. | $400.00 | 0.30 | $120.00 |
| 01/03/2022 | TB | TC- Client- Status | Speak to OC regarding possible settlement and expectations. | $400.00 | 0.40 | $160.00 |
| 01/03/2022 | TB | Negotiate Possible Settlement Amount | Draft and send settlement demand. | $400.00 | 0.40 | $160.00 |
| 01/03/2022 | AS | Confer with Clerk | UL re Court's ROGGS | $275.00 | 0.05 | $13.75 |
| 01/03/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 01/03/2022 | AS | Receive and Review | correspondence re P's document production | $275.00 | 0.05 | $13.75 |
| 01/05/2022 | AS | Review and Strategize | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT | $275.00 | 0.35 | $96.25 |
| 01/05/2022 | AS | Review, Draft, and File | review notice regarding designation of lead counsel, and draft/file notice of lead counsel designation | $275.00 | 0.35 | $96.25 |
| 01/05/2022 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 01/06/2022 | UL | Case Status Report | | $75.00 | 0.20 | $15.00 |

| Date | Staff | Task | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 01/13/2022 | AS | Strategize | with co-counsel re plaintiff's document production and answers to court's interrogatories | $275.00 | 0.10 | $27.50 |
| 01/13/2022 | UL | Review | case<br>follow ups<br>deadlines<br>draft rule 26 disclosures | $75.00 | 0.35 | $26.25 |
| 01/13/2022 | UL | rule 26 disclosures | docs | $75.00 | 0.10 | $7.50 |
| 01/13/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 01/13/2022 | AS | confer | with UL re document production | $275.00 | 0.05 | $13.75 |
| 01/13/2022 | AS | Receive and Review | correspondence with client re witnesses | $275.00 | 0.05 | $13.75 |
| 01/17/2022 | AS | Review and Confer | review file and confer with UL re client documents and Court's interrogatories | $275.00 | 0.20 | $55.00 |
| 01/17/2022 | UL | Call with Client | called client to follow up on discovery response | $75.00 | 0.20 | $15.00 |
| 01/17/2022 | AGT | Draft and Confer | DISCOVERY PACKAGE | $75.00 | 0.50 | $37.50 |
| 01/18/2022 | AS | Confer with Clerk | UL re P's documents | $275.00 | 0.10 | $27.50 |
| 01/19/2022 | UL | Case Review | | $75.00 | 0.45 | $33.75 |
| 01/19/2022 | AS | Review and Confer | review correspondence re mediation, Rule 26 conference, and re plaintiff's witnesses, documents, and interrogatories, and confer with UL | $275.00 | 0.35 | $96.25 |
| 01/19/2022 | UL | Rule 26 Conference | | $75.00 | 0.15 | $11.25 |
| 01/21/2022 | UL | Mediation | coordinate<br>finalize rule 26 draft | $75.00 | 0.20 | $15.00 |
| 01/21/2022 | AS | Receive and Review | correspondence re Mediation | $275.00 | 0.05 | $13.75 |
| 01/24/2022 | AS | Draft and Confer | draft plaintiff's rule 26 initial disclosures and confer with UL | $275.00 | 0.45 | $123.75 |
| 01/24/2022 | UL | rule 26 disclosures | finalize<br>upload serve | $75.00 | 0.10 | $7.50 |
| 01/24/2022 | AS | Confer, Review, and Prepare | confer with OC, review court's order, and prepare Case Management Report | $275.00 | 1.15 | $316.25 |
| 01/24/2022 | AS | confer | with UL re document production | $275.00 | 0.05 | $13.75 |
| 01/24/2022 | AS | Draft | plaintiff's rule 26 initial disclosures | $275.00 | 0.50 | $137.50 |
| 01/25/2022 | AS | confer | With UL re client's documents | $275.00 | 0.05 | $13.75 |
| 01/25/2022 | UL | email | | $75.00 | 0.05 | $3.75 |
| 01/26/2022 | AS | Review, Prepare, and Confer | review client's documents, prepare for production and confer with UL | $275.00 | 0.75 | $206.25 |
| 01/26/2022 | UL | Bates stamp | | $75.00 | 0.15 | $11.25 |
| 01/28/2022 | AS | confer | with UL re mediation and OC re scheduling report | $275.00 | 0.15 | $41.25 |
| 01/28/2022 | UL | Mediation | coordinate | $75.00 | 0.20 | $15.00 |
| 01/31/2022 | AS | Review and Confer | review defendant's document production and confer with UL re conference with client | $275.00 | 0.35 | $96.25 |
| 01/31/2022 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 02/02/2022 | AS | Review and Confer | review order regarding conference report and confer with OC | $275.00 | 0.10 | $27.50 |
| 02/03/2022 | UL | Review | tasks | $75.00 | 0.20 | $15.00 |
| 02/03/2022 | AS | Review and Confer | review correspondence re mediation and mediator selection and confer with UL | $275.00 | 0.25 | $68.75 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/03/2022 | AS | Review and Confer | review correspondence from UL and court order and confer re discovery, depositions, and court's interrogatories | $275.00 | 0.15 | $41.25 |
| 02/04/2022 | UL | Mediation | coordinate | $75.00 | 0.20 | $15.00 |
| 02/04/2022 | UL | Call with Client | client call to schedule phone conf | $75.00 | 0.15 | $11.25 |
| 02/04/2022 | AS | Receive and Review | correspondence with client re conference | $275.00 | 0.05 | $13.75 |
| 02/07/2022 | AS | Review and Contact | review plaintiff's answers to court's interrogatories and confer with plaintiff re answers and resolution | $275.00 | 0.60 | $165.00 |
| 02/07/2022 | AS | confer | with OC re case management report | $275.00 | 0.05 | $13.75 |
| 02/09/2022 | AS | Draft and Confer | draft plaintiff's answers to Court's interrogatories and confer with plaintiff | $275.00 | 0.70 | $192.50 |
| 02/09/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 02/10/2022 | AS | Review and Confer | review order requiring mediation and confer | $275.00 | 0.10 | $27.50 |
| 02/11/2022 | UL | Mediation | coordinate | $75.00 | 0.10 | $7.50 |
| 02/14/2022 | AS | Receive and Review | correspondence re Mediation | $275.00 | 0.05 | $13.75 |
| 02/17/2022 | UL | task | review follow ups | $75.00 | 0.10 | $7.50 |
| 02/23/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 02/23/2022 | UL | Mediation | coordinate | $75.00 | 0.20 | $15.00 |
| 02/23/2022 | UL | task | review | $75.00 | 0.20 | $15.00 |
| 02/25/2022 | AS | Confer and Finalize | confer with client and finalize document for filing | $275.00 | 1.30 | $357.50 |
| 02/28/2022 | UL | Mediation | coordinate | $75.00 | 0.05 | $3.75 |
| 03/01/2022 | UL | Review | case calendar | $75.00 | 0.15 | $11.25 |
| 03/02/2022 | AS | Review | correspondence and order re mediation | $275.00 | 0.10 | $27.50 |
| 03/03/2022 | UL | Mediation | coordinate | $75.00 | 0.10 | $7.50 |
| 03/03/2022 | AS | Review and Confer | review correspondence from OC & UL and confer with OC & UL | $275.00 | 0.15 | $41.25 |
| 03/04/2022 | UL | Mediation | coordinate | $75.00 | 0.30 | $22.50 |
| 03/04/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 03/08/2022 | UL | Mediation | corodinate | $75.00 | 0.20 | $15.00 |
| 03/08/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 03/09/2022 | AS | Receive and Review | correspondence re mediation | $275.00 | 0.05 | $13.75 |
| 03/09/2022 | UL | Mediation | coordinate | $75.00 | 0.15 | $11.25 |
| 03/16/2022 | UL | Mediation | coordinate | $75.00 | 0.35 | $26.25 |
| 03/16/2022 | UL | Mediation | coordinate | $75.00 | 0.10 | $7.50 |
| 03/16/2022 | AS | Review and Confer | review correspondence from mediator and confer with co-counsel | $275.00 | 0.10 | $27.50 |

| Date | Initials | Activity | Description | Rate | Hours | Amount |
|------|----------|----------|-------------|------|-------|--------|
| 03/16/2022 | AS | Review and Confer | review correspondence re mediation and court's FLSA scheduling order and confer with OC re notice of mediation | $275.00 | 0.15 | $41.25 |
| 03/17/2022 | UL | Mediation | zoom link<br>do letter<br>do envelope scan upload send | $75.00 | 0.40 | $30.00 |
| 03/17/2022 | AS | Receive and Review | correspondence from mediator and UL re mediation | $275.00 | 0.10 | $27.50 |
| 03/23/2022 | AS | Review and Confer | review order requiring mediation and correspondence with OC and confer with OC re notice of mediation | $275.00 | 0.10 | $27.50 |
| 03/24/2022 | AS | Receive and Review | NOTICE OF MEDIATION | $275.00 | 0.05 | $13.75 |
| 03/24/2022 | AS | Receive and Review | ENDORSED ORDER granting [17] Notice of Mediation, | $275.00 | 0.05 | $13.75 |
| 03/24/2022 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 04/01/2022 | UL | Mediation | zoom link verify | $75.00 | 0.10 | $7.50 |
| 04/05/2022 | AS | Receive and Review | correspondence from mediator re mediation | $275.00 | 0.10 | $27.50 |
| 04/05/2022 | UL | Review | case<br>tasks | $75.00 | 0.05 | $3.75 |
| 04/08/2022 | AS | Confer with Co-Counsel | case status | $275.00 | 0.15 | $41.25 |
| 04/08/2022 | AS | Draft | mediation summary | $275.00 | 1.00 | $275.00 |
| 04/12/2022 | UL | Call with Client | client called to reconfirm mediation | $75.00 | 0.15 | $11.25 |
| 04/13/2022 | UL | task | | $75.00 | 0.15 | $11.25 |
| 04/13/2022 | AS | Review and Prepare | review notes and prepare for mediation | $275.00 | 0.50 | $137.50 |
| 04/14/2022 | UL | Mediation | reconfirm | $75.00 | 0.20 | $15.00 |
| 04/14/2022 | LM | Call | Call - transfer call to aron | $75.00 | 0.10 | $7.50 |
| 04/14/2022 | AS | Prepare and Confer | prepare for mediation and confer with client | $275.00 | 2.15 | $591.25 |
| 04/15/2022 | AS | Research and Prepare | research pending issues and prepare for mediation | $275.00 | 1.35 | $371.25 |
| 04/15/2022 | AS | Attend | mediation | $275.00 | 8.00 | $2,200.00 |
| 04/18/2022 | AS | Revise and Confer | revise agreement and confer with OC & co-counsel | $275.00 | 0.15 | $41.25 |
| 04/18/2022 | UL | confer | re resolution and joint report regarding settlement | $275.00 | 0.10 | $27.50 |
| 04/18/2022 | AS | Revise and Confer | revise agreement in response to OC's revisions and confer with OC | $275.00 | 0.50 | $137.50 |
| 04/18/2022 | UL | Call with Client | called client to sign forms | $75.00 | 0.20 | $15.00 |
| 04/18/2022 | UL | settlement | upload forms<br>send | $75.00 | 0.10 | $7.50 |
| 04/19/2022 | AS | Revise and Confer | revise agreement and confer with OC, co-counsel, UL, and Plaintiff's WC counsel re status and agreement | $275.00 | 0.55 | $151.25 |
| 04/20/2022 | UL | Call with Client | call cllient to sign settlement agreement | $75.00 | 0.25 | $18.75 |
| 04/21/2022 | UL | settlement | signed settlement agreement | $75.00 | 0.15 | $11.25 |
| 04/21/2022 | AS | Confer with Clerk | with UL re agreement | $275.00 | 0.05 | $13.75 |
| 04/22/2022 | AS | Draft, File, and Confer | draft/file joint report regarding settlement and confer with OC and co-counsel re report and approval of agreement | $275.00 | 0.50 | $137.50 |

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 04/22/2022 | AS | Draft and Confer | draft motion for approval and exhibits, and confer with OC | $275.00 | 0.65 | $178.75 |
| 04/22/2022 | UL | Calendar | review | $75.00 | 0.10 | $7.50 |
| 04/22/2022 | AGT | upload docs | ORDER requiring the parties to provide supplemental information regarding the circumstances of the Joint Report Regarding Settlement (Doc. [19]) | $75.00 | 0.05 | $3.75 |
| 04/25/2022 | UL | Calendar deadlines | | $75.00 | 0.05 | $3.75 |
| 04/25/2022 | AS | Confer with OC | re agreement execution | $275.00 | 0.05 | $13.75 |
| 04/26/2022 | AS | Review, Draft, and Confer | review ORDER requiring supplemental information, draft motion for approval, and confer with OC and co-counsel | $275.00 | 1.05 | $288.75 |
| 04/27/2022 | UL | Calendar deadlines | review | $75.00 | 0.10 | $7.50 |
| 04/28/2022 | AS | Review and Confer | review correspondence from OC and executed agreement and confer with OC & UL | $275.00 | 0.05 | $13.75 |
| 04/28/2022 | UL | upload docs | | $75.00 | 0.10 | $7.50 |
| 04/29/2022 | AS | Confer with OC | re motion for approval | $275.00 | 0.10 | $27.50 |
| 05/02/2022 | AS | Receive and Review | MEDIATION REPORT | $275.00 | 0.05 | $13.75 |
| 05/02/2022 | AS | Confer with OC | re court approval | $275.00 | 0.10 | $27.50 |
| 05/02/2022 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 05/02/2022 | AS | Review and Confer | review order of dismissal and confer with OC | $275.00 | 0.10 | $27.50 |
| 05/03/2022 | AS | Review, Revise, and Confer | review correspondence from OC, revise motion for approval, and confer with OC | $275.00 | 0.10 | $27.50 |
| 05/03/2022 | UL | Call with Client | client called to ask for settlement money | $75.00 | 0.10 | $7.50 |
| 05/03/2022 | AS | Receive and Review | order vacating prior order | $275.00 | 0.05 | $13.75 |
| 05/05/2022 | RS | Review and Complete | declaration regarding attorney's fees. | $400.00 | 0.40 | $160.00 |
| 05/05/2022 | AS | Draft and Confer | draft declaration as to fees and costs and confer with OC and co-counsel re declaration, motion for approval, and Court order | $275.00 | 0.50 | $137.50 |
| 05/06/2022 | AS | Confer with OC | re motion for approval | $275.00 | 0.05 | $13.75 |
| 05/09/2022 | AS | Confer with OC | re new deadline to move for approval | $275.00 | 0.05 | $13.75 |
| 05/13/2022 | AS | Review, Revise, and Confer | review court order, revise motion, and confer with co-counsel re information requested and approval | $275.00 | 0.35 | $96.25 |
| 05/13/2022 | UL | Call with Client | client called for settlement status | $75.00 | 0.10 | $7.50 |

Totals: **52.80** **$11,248.75**

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 11/02/2021 | AGT | File complaint | | $402.00 | 1.0 | $402.00 |
| 11/29/2021 | TAG | Service of Process on Defendant(s) | To be served on: JACK E. BARNWELL | $75.00 | 1.0 | $75.00 |
| 11/29/2021 | TAG | Service of Process on Defendant(s) | To be served on: C3 GARDENS, LLC C/O KAREN E. BARNWELL | $75.00 | 1.0 | $75.00 |
| **Non-billable Expenses:** | | | | | | |
| 11/02/2021 | AGT | Flat fee for copying and postage per retainer agreement | | $100.00 | 1.0 | $100.00 |

Expense Total:     **$552.00**

| | |
|---|---:|
| Time Entry Sub-Total: | $11,248.75 |
| Expense Sub-Total: | $552.00 |
| **Sub-Total** | **$11,800.75** |
| | |
| **Total:** | **$11,800.75** |
| **Amount Paid:** | **$0.00** |
| **Balance Due:** | **$11,800.75** |

# EXHIBIT "C"

| | |
|---|---|
| JESUS O. RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| C3 GARDENS, LLC and JACK E. | ) |
| BARNWELL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER GRANTING JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND APPROVING FLSA SETTLEMENT

THIS CAUSE arose before the Court on the Parties' Joint Stipulation of Dismissal with Prejudice and Motion for Approval of FLSA Settlement (D.E. # _____). The above-styled action arose pursuant to the Fair Labor Standards Act, 29 U .S .C. § 201, *et seq* . and, therefore, requires Court approval. *Lynn's Food Stores, Inc. v. United States,* 679 F. 2d 1350, 1353 (11th Cir . 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness"). This Court, being fully advised in the premises, and upon review of the settlement agreement between the parties, hereby approves the settlement of the wage and hour claims as outlined in Joint Stipulation of Dismissal with Prejudice.

Pursuant to the Joint Stipulation of Dismissal with Prejudice, this case is hereby dismissed with prejudice. The Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement and to award attorney's fees and costs in connection with such enforcement.

**DONE AND ORDERED** in Chambers in _____ County, Florida this _____ day of _____, 2022.

_____
U.S. DISTRICT JUDGE

Copies furnished to:
U.S. Magistrate Judge _____
Counsel of Record