UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS O. RODRIGUEZ,

    Plaintiff,

v.                                        Case No.:  2:21-cv-813-KCD

C3 GARDENS, LLC and JACK E.
BARNWELL,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is the parties' Motion for Approval of FLSA Settlement. (Doc. 24.) For the reasons below, their motion is granted and this case is dismissed.

## I. Background

Plaintiff Jesus Rodriguez worked as a landscape installer for Defendant C3 Gardens, LLC. After his separation, Rodriguez sued for retaliation and unpaid wages under the Fair Labor Standards Act (FLSA). (Doc. 1.) Pertinent here, Rodriguez claims that C3 and his former supervisor, Defendant Jack

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Barnwell, failed to pay him overtime wages of about $11,000. His complaint seeks those wages plus liquidated damages and attorneys' fees. (Doc. 1 at 8.)

Defendants deny they violated the FLSA. (Doc. 13.) Their answer also raises several affirmative defenses, including that Rodriguez was an exempt employee. (*Id.* at 9.)

The parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. (*See* Doc. 24.) Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Defendants agree to pay Rodriguez $5,000 in unpaid wages and $5,000 as liquidated damages. Defendants will also pay Rodriguez's counsel $10,000 for fees and costs. (*Id.* at 5.) Finally, in return for $10,000, Rodriguez executed a general release and will dismiss his non-FLSA claims. (*Id.*)

## II. Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706

(1945).² If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). The facts in *Lynn's Food* were unique, and it's not clear that the holding was meant to sweep so broadly. *See, e.g.*, *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *3 (D. Colo. Feb. 11, 2019). But regardless of how *Lynn's Food* should be viewed, neither party is questioning its applicability here. Accordingly, the Court will go forward under the assumption that it must approve the settlement.

Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). There is no standard test or benchmark to measure a settlement's

---

² Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of Ala. Nat. Ass'n,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

### III. Discussion

Based on the parties' representations and a review of the docket materials, the Court finds that the agreement is a fair and reasonable compromise of a disputed claim. Rodriguez was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. While denying liability, and raising the specter of several meritorious defenses, Defendants have agreed to pay a significant sum to settle Rodriguez's claims. (*See* Doc. 24.)

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Rodriguez would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement. (*Id.* at 4.)

4

Regarding attorney's fees and costs, given the parties' representation that they agreed on these sums separately from the damages (Doc. 24 at 5), the Court need not undertake a lodestar review. Moreover, the fees and costs appear reasonable considering the docket and alleged time expended in the case. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The agreement contains a general release, which can prove problematic in this context. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). But those concerns are not present here because the release is supported by separate consideration ($10,000). *See Middleton v. Sonic Brands L.L.C.*, No. 6:13-CV-386-ORL-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013).

The same goes for Rodriguez's promise not to seek future employment with Defendants. While courts have found similar provisions unfair, any such concerns are inconsequential here considering Defendants' size and thus the limited impact of the waiver. These terms were negotiated at arm's-length, with the advice of counsel, and Defendants have agreed to provide neutral job references. On those facts, the Court declines to interject itself and disrupt the parties' bargain. The general release is fair and appropriate. *See Robertson v. Ther-Rx Corp.*, No. 2:09CV1010-MHT, 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011).

Finally, the agreement contains no other terms that courts have flagged as unenforceable, such as a confidentiality provision, *see, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), or a unilateral non-disparagement clause, s*ee, e.g.*, *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-CV-328-ORL-41, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014).

Accordingly, the Court:

1. **GRANTS** the parties' Motion for Approval of FLSA Settlement. (Doc. 24);

2. Dismisses the case with prejudice; and

3. Directs the Clerk to enter judgment and close the case.

**ORDERED** in Fort Myers, Florida this September 13, 2022.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record